## CHARLES M. TUREMAN
v.
## ALICE C. TUREMAN.

SEPARATE MAINTENANCE.—The testimony fails to show a sufficient cause for the wife to leave her husband, and this action cannot, under the circumstances, be sustained. The evidence sums itself up in this, that the wife was disappointed in the man she married, and the condition in life to which she must have known at the time of her marriage she would have to adapt herself. This is not sufficient to support this action.

APPEAL from the Circuit Court of Cass county; the Hon.

CYRUS EPLER, Judge, presiding.   Opinion filed October 2, 1879.

Messrs. WARLOW & LEEPER, for appellant; that the bill alleges only one separation, and that was condoned, as shown by the evidence, by the return of the wife, cited Davis v. Davis, 19 Ill. 334; Deenis v. Deenis, 65 Ill. 167.

Messrs. WHITNEY & TINNEY, for appellee.

McCULLOCH, J.   This was a bill in chancery brought by appellee against appellant for separate maintenance.   Although extreme and repeated cruelty is alleged in the bill as one cause of the wife's leaving her husband, yet that charge was abandoned on the trial, and the case left to rest upon the charge that appellant had so neglected to furnish her with the necessaries of life she was compelled to leave him, and seek shelter and support in her father's house.

When appellant and appellee were married in 1875 he was a minor of only eighteen years, without means, living with and supported by his mother on her farm, which appellee well knew.   What appellee's age was we are not informed, but from her actions it is very evident she was too young to know much of the duties or responsibilities of married life.   After living together for eight months a separation took place, which lasted for fifteen months.   What the cause of this estrangement was, does not clearly appear.   At the end of that time they came together again, and were taken into the house of appellee's mother, where they had a comfortable home to live in, plenty to eat, and a sufficiency of clothing.   While appellant was working there for wages, his mother furnished the provisions, and a good share of the clothing ; appellee had control of the kitchen, and the freedom of the house.

This kind of life, however, did not suit her tastes.   She first objected to living with her mother-in-law ; she thought she would feel freer by herself, when she was told that when a tenant would leave in the spring the young couple could have half the house themselves, free of rent, with teams to work the

place. She says she did not like to live with her mother-in-law, because she furnished all the provisions, while appellee wanted her husband to be independent; that during the three months she lived with him last he did not support her ; that his mother furnished all the provisions ; that she asked him for money, and he said he had use for all of it ; that he bought the baby one pair of shoes in the three months she lived with him ; that she left him because he was surly and cross to her and the baby ; that she was not contented on the farm, because he and his mother were quarreling all the time. She says she would not live with him, because he was depending on his mother, and because they (the mother and son) quarreled ; that she frequently asked him for little things which she needed, and he would refuse, saying he had no money, when she knew he had. This is about the sum of her complaints.

At the time of her marriage she knew her husband was living with his mother; that he had no money of his own, and procured from his mother what money he did have.

The sum of it all is, that she was disappointed in the man she married, and the condition in life to which she must have known at the time of her marriage, she would have to adapt herself. If we should allow this decree to stand, we should virtually say to every disappointed, discontented woman, that she had a right to leave her husband at pleasure, break up his home and return to her father's house, and compel her husband to support her there.

The law presumes, when husband and wife are separated, there is fault on one side or the other. In this case we cannot find the wife to be living apart from her husband without any fault of hers. The decree is therefore reversed and the bill dismissed.